Gaston, Judge.
 

 Several defences have been set up to this bill, and among others, the ordinary statute of limitations.
 

 The legal interest in the negroes, subject to the life estate, had vested in Francis and Henry Speight.— After the mistaken division, there was no impediment to an action of detinue by the administrators of those estates to recover the possession of them. The statute makes three years a bar to that action, and it is an established rule of equity, that wherever a legal claim is there presented, as it may be in some cases, it must be presented within the time prescribed as a bar to the analogous legal action. If the mistake can furnish an equitable ground for suspending the operation of the statute, (of which we say nothing,) bringing of the suit by the next of kin of Henry was distinct and express notice and warning to the plaintiff’s intestate, that such mistake had been committed. After this, he cannot be permitted to allege ignorance of the mistake, or ask of the Court to remove out of his way a statutory bar, arising from his own subsequent neglect.
 

 From the proofs it appears, that one of the negroes, Elijah, died in the hands of the former guardian, and before any profits were, or could be received. As to the other negro, it would seem from the testimony, that he had been left by the former guardian, after the bill brought by Henry Speight’s next of kin, in the plaintiff’s possession to await the decision that might be made in that suit. If the present bill had been framed with reference to that state of things, and the representatives of the deceased guardian been parties thereto, a decree might probably have been had declaring the property in that negro. But in the present state of the bill we cannot do so. Our decision in this case, however, will not prevent the plain-' tiff, should the defendants attempt to recover possession
 
 *75
 
 of that negro, from showing the truth of-the case, and setting up such defence, and obtaining such protection against that claim as may be just.
 

 It is the opinion of the Court, that .the bill must be dismissed. * '
 

 PeR Curiam. V Bill dismissed.